*Wood v. Siemens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-six.

Present:
>   MICHAEL H. PARK,
>   ALISON J. NATHAN,
>   SARAH A. L. MERRIAM,
>       *Circuit Judges.*

_____

MARY BIXLER WOOD,

>       *Plaintiff-Relator-Appellant*,

>   v.                                                                 25-864

SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS
HEALTHCARE DIAGNOSTICS, INC., SIEMENS
HEALTHCARE DIAGNOSTICS PRODUCTS GMBH,

>       *Defendants-Appellees.*[*]

_____

FOR PLAINTIFF-RELATOR-APPELLANT:    BRIAN MARC FELDMAN (Sheila Baynes, *on the brief*), Aurelian Law PLLC, Pittsford, NY.

_____

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

1

FOR DEFENDANTS-APPELLEES: JOSHUA A. GOLDBERG (Jonah M. Knobler, Lauren S. Potter, Julie A. Simeone, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's April 9, 2025 judgment is **AFFIRMED**.

Plaintiff-Relator-Appellant Mary Bixler Wood, acting on behalf of the United States, the District of Columbia, and several states, sued Defendants-Appellees Siemens Medical Solutions USA, Inc., Siemens Healthcare Diagnostics, Inc., and Siemens Healthcare Diagnostics Products GmbH (collectively, "Siemens") under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA") and state FCA analogs.[1] She alleged that Siemens submitted and caused third parties to submit false claims to the government about the reliability of in vitro diagnostic devices ("IVDs") that Siemens manufactured and distributed. IVDs are medical tests performed on blood, saliva, and tissue samples to monitor a person's health; many IVDs are temperature-sensitive and may not work properly if they are exposed to too-hot or too-cold temperatures. Wood alleged that Siemens promised the government it was delivering reliable IVDs, but it delivered IVDs that were unreliable because Siemens shipped them at improper temperatures.

The district court dismissed Wood's Second Amended Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, reasoning that Wood failed to allege with particularity that Siemens's "shipping practices compromised any IVDs for which claims to governments were actually submitted." Special App'x at 29. Wood challenges

---

[1] The United States, the District of Columbia, and all states declined to intervene.

2

that decision on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of defendants' Rule 12(b)(6) motion to dismiss *de novo*, accepting all factual claims in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *United States v. Strock*, 982 F.3d 51, 58 (2d Cir. 2020) (citation omitted). The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)-(B). "[C]laims under the FCA . . . are subject to the heightened pleading standard found in Federal Rule of Civil Procedure 9(b)," *Miller v. United States ex rel. Miller*, 110 F.4th 533, 543 (2d Cir. 2024), which requires plaintiffs alleging fraud to "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), relators must "describe the who, what, when, where, and how of the fraud—the first paragraph of any newspaper story." *Miller*, 110 F.4th at 544 (cleaned up). Relators may plead facts on "information and belief" only if they "adduce specific facts supporting a strong inference of fraud" and allege that those "facts are peculiarly within the opposing party's knowledge." *United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81-82 (2d Cir. 2017) (cleaned up).

Wood's Complaint does not satisfy Rule 9(b). Wood's primary theory is that "Siemens systematically exposed IVDs to prohibited temperature excursions, primarily through cheap shipping solutions," which made those IVDs "dangerously unreliable." Appellant's Br. at 12, 14. She relies on studies Siemens conducted internally—which showed that certain IVDs may not work properly if they are not kept at specific temperatures—and studies Siemens commissioned from third-party consultants—which showed that Siemens's shipping containers

3

did not maintain IVDs at required temperatures in certain weather conditions. But Wood does not allege a single example of an IVD that was actually rendered unreliable because Siemens shipped it to a customer at improper temperatures. That failure is fatal to Wood's Complaint because Wood has not identified the "who, what, when, where, and how of the fraud" Siemens allegedly perpetrated on the government. *Miller*, 110 F.4th at 544 (cleaned up). *Compare id.* at 548-49 (affirming dismissal when complaint alleged that defendant "altered third-party compliance reports" but "fail[ed] to identify any *specific* statements or reports that [defendant] altered"); *and Doe 1 v. EviCore Healthcare MSI, LLC*, No. 22-530-cv, 2023 WL 2249577, at *2 (2d Cir. Feb. 28, 2023) (summary order) (affirming dismissal when complaint "failed to identify even a single instance of a medical procedure, involving any particular patient on a specific date, that was fraudulent or unnecessary"), *with Chorches*, 865 F.3d at 77, 84 (reversing dismissal when complaint described ten "specific instances" where defendant's employee was directed to falsify patient care reports).[2]

Wood's pleadings on "information and belief" about Siemens's shipping practices do not save her Complaint. Siemens sold millions of IVDs in the relevant time period, *all* of which Wood theorizes were shipped defectively. But Wood fails to specify a single example of a defective shipment, so she has not made "plausible allegations creating a strong inference that specific false claims were submitted to the government." *Chorches*, 865 F.3d at 86.

Wood's alternative theories—that Siemens falsely certified its compliance with particular regulations or contract terms to the government, and that Siemens caused civilian customers to

---

[2] Wood alleges that a couple thousand Siemens IVDs malfunctioned between 2013 and 2023. But she alleges only conclusorily that *these* IVDs malfunctioned because of temperature issues during shipping, and she does not allege that these IVDs were sold to or paid for by the government.

submit fraudulent Medicare reimbursement claims for its IVDs—fare no better. Wood simply speculates that some IVDs shipped to the government *may* have become unreliable, so she does not sufficiently allege that Siemens "deprived the government of the intended benefits" of its contracts. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 116 (2d Cir. 2021) (cleaned up). Any noncompliance with the terms of those contracts was thus not "material to the government's payment decision." *Id.* at 118. Likewise, Wood does not identify any Siemens customers who submitted Medicare claims for IVDs to the government—instead, Wood alleges that, because Siemens sells so many IVDs, a reimbursement claim must have "reach[ed] the governmental insurers" at some point. *Chorches*, 865 F.3d at 85. But those allegations are not enough for Rule 9(b).[3]

After dismissing Wood's FCA claims, the district court declined to exercise supplemental jurisdiction over her state-law claims and dismissed them. We review that decision for abuse of discretion, *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004), and find none. *See id.* (As "a general proposition, . . . if all federal claims are dismissed *before trial*, the state claims should be dismissed as well." (cleaned up)).

\* \* \*

We have considered Wood's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's April 9, 2025 judgment is affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We agree with the district court that Wood's FCA claims do not satisfy Rule 9(b), so we need not address Siemens's alternative argument that *qui tam* suits are unconstitutional.

5